FILED

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2014 APR 23  P 1:22

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| CAPITAL SECURITY SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 2:14-CV-166 (HCM/LRL) ) JURY TRIAL DEMANDED |
| CAPITAL ONE, N.A. d/b/a CAPITAL ONE BANK | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, Capital Security Systems, Inc. ("Capital Security"), makes the following allegations against Capital One, N.A. d/b/a Capital One Bank (hereinafter, "Defendant" or "Capital One").

### Parties

1.      Plaintiff Capital Security is an Illinois corporation having its principal place of business in San Diego, California.

2.      Capital One is a corporation with its principal place of business at 1680 Capital One Drive, McLean, VA 22102.  It may be served by service upon its registered agent Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219.

3.      The web site http://www.capitalone.com provides information about and access to financial services offered by the Capital One family of companies, including Defendant.

4.      Defendant conducts business in this judicial district and elsewhere in the United States.

## Nature of the Action

5.  This is a civil action for the infringement of United States Patent Nos. 5,897,625 ("the '625 patent"), 7,653,600 ("the '600 patent"), 7,991,696 ("the '696 patent"), 8,121,948 ("the '948 patent") (attached as Exhibits A-D, respectively) under the Patent Laws of the United States 35 U.S.C. § 1 et seq.

## Jurisdiction and Venue

6.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant is domiciled in this District, has transacted business in this District, and committed acts of patent infringement in this District.

8.  Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to the location of its principal place of business in this judicial district, its substantial business in this forum, including (i) most if not all of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Virginia and in this District.

9.  Defendant currently operates a network of hundreds of automated teller machines ("ATMs") located at branches and service centers, including over fifty ATMs in this judicial district alone. The following represents an advertisement taken from the Defendant's web site (http://www.capitalone.com/online-banking/demos/atm/ ) for the "New Capital One Bank® ATM" (henceforth, "the New ATMs"):



**Key Operations of the New ATMs**

10. Defendant issues account holders an ATM card. An ATM cardholder associates a PIN code with his or her account and this number is associated by Defendant with his or her ATM card as well.

11. Each of the New ATMs includes an ATM card reader. When an account holder seeks to engage in a transaction with Capital One (e.g., an account withdrawal, check deposit, cash deposit, balance inquiry or bill payment) using an ATM, the account holder must place the assigned ATM card into the card reader, and enter the correct PIN on the ATM's keypad.

12. The New ATMs each possess a display screen for displaying information and instructions to ATM users. Also, these New ATMs each possess a keypad and buttons which the user is expected to press as part of data entry and other interaction with a New ATM.

13. Each New ATM includes a slot from which cash is dispensed to a user in the event of a successful withdrawal transaction.

14. Assuming the account holder uses the correct ATM card and PIN, he or she is permitted to engage in a transaction with Defendant via a New ATM, which transaction may include a check deposit, a cash deposit, an account balance inquiry, bill payment and/or a withdrawal (assuming sufficient funds in the account).

15. The New ATMs support deposits of cash and checks without the use of envelopes, as shown on the Defendant's web site:



16. The New ATMs support deposits of cash and checks without the use of deposit slips, as shown on the Defendant's web site:



17. The New ATMs support deposits of up to 30 checks at a time without the use of deposit slips or envelopes, as shown on the Defendant's web site:



18. The New ATMs support deposits of up to 50 bills at a time without the use of deposit slips or envelopes, as shown on the Defendant's web site:



19. The New ATMs each comprise a combination of hardware and software to facilitate deposit of checks and cash without needing to use envelopes for the checks or cash.

20. The New ATMs include check imaging and processing software running on a processing system co-located in each of the New ATMs and interconnected with one or more check processing servers in Defendant's system.

21. The New ATMs include through-the-wall and drive-up ATMs.

22. Defendant's deployment of the New ATMs has included a combination of the ATMs with networking equipment provided by Defendant, and various inter-networked software

created and/or licensed by Defendant and combined with the New ATMs, including the software running on check processing servers in Defendant's system for validating the quality and usability of check image data.

23. Each of the New ATMs possess a check acceptance and cash acceptance feature, including secure slots wherein a user can insert cash into one slot and checks into a separate slot into the New ATM. The Defendant's web site shows this feature as follows:





24. Each of the New ATMs requests the user to verify the amount of the deposit by pressing a button on the ATM console or keypad. The Defendant's web site shows this feature as follows:



25. Image processing software used in each of the New ATMs recognizes and validates banknotes.

26. Each of the New ATMs possess an OCR scanner and one or more document cameras for scanning a check and capturing an image of each side of a check being deposited. The Defendant's web site illustrates this feature as follows:



27. Each of the New ATMs possess a MICR reader for reading data from the MICR line of a check being deposited.

28. Check image processing software used in each of the New ATMs reads the value and codeline data from material fields located on each of the checks being deposited.

29. For each New ATM, images of the deposited checks, together with deposited cash totals, are displayed on the screen for verification by the customer.

30. Each of the New ATMs includes a printer for printing a receipt of each transaction conducted at the New ATM, if a receipt is requested. For receipts of check deposits, the receipt prints an image of the check onto the receipt. The Defendant's web site illustrates this feature as follows:



31. Defendant also employs software for transmitting check images to a remote server for further processing of the deposited checks based upon a review of various check fields, including the courtesy line, the legal amount line and the signature line. Upon information and belief, some of the software used in transmitting and processing check images is licensed from one or more third parties.

32. Defendant employs software to recognize the courtesy amount of a check being deposited via a New ATM, to recognize the legal amount of a deposited check and to compare the two amounts to see whether they match.

33. Defendant employs software to recognize whether a signature appears on a check being deposited via a New ATM.

34. Once scanned and imaged at a New ATM, check images are sent to a remote platform via a server that captures the images and encrypts, consolidates and transfers the check image data. The images are processed by Defendant using sophisticated balancing and error

detection tools designed to reduce back-office effort, eliminate processing errors and flag questionable transactions for investigation.

35. As each check is deposited via a New ATM, the check is fed into a check storage container located inside the New ATM. Conversely, if the New ATM rejects a check for any reason, the New ATM returns the rejected check for retrieval by the New ATM user.

36. Defendant's web site touts the ease of use of the New ATMs as "sav[ing] yourself time and hassles[,]" "mak[ing] worry-free deposits[,]" and "mak[ing] depositing checks faster and easier[,]" as follows:



37. As cash is deposited via a New ATM, the cash is fed into a safe or other storage container located inside of the New ATM. The safe or other cash storage container is separate from the check storage container inside the New ATM.

38. The New ATMs include bill payment capability wherein the New ATM receives and reads an account owner's provider's bill and ascertains the provider's account number and account owner's identification and transfers funds from the account owner's account to pay the provider's bill.

## The Patents-in-Suit

39. On April 27, 1999, the '625 Patent, titled "Automated Document Cashing System," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '625 Patent claims systems and methods for, among other things, depositing checks, cashing checks, depositing cash, and/or paying bills with automated banking machines without an envelope.

40. On January 26, 2010, the '600 Patent, titled "Automated Document Cashing System," was duly and legally issued by the USPTO. The '600 Patent claims an automated machine for, among other things, depositing checks without an envelope where the legal amount recognition, the courtesy amount recognition, and the signature lines of the checks are reviewed.

41. On August 2, 2011, the '696 Patent, titled "Automated Document Cashing Machine and Method," was duly and legally issued by the USPTO. The '696 Patent claims apparatus and methods for, among other things, paying bills and depositing checks without an envelope where the legal amount recognition, the courtesy amount recognition, and the signature lines of the checks are reviewed.

42. On February 21, 2012, the '948 Patent, titled "Automated Document Cashing System," was duly and legally issued by the USPTO. The '948 Patent claims an automated machine for, among other things, depositing checks without an envelope where the legal amount recognition, the courtesy amount recognition, and the signature lines of the checks are reviewed.

43. Capital Security is the assignee of all rights, title, and interest in the '625, '600, '696, and '948 Patents ("Patents-in-Suit"), and possesses all rights to sue and recover for any current or past infringement of the Patents-in-Suit.

## Count 1

### Infringement of U.S. Patent No. 5,897,625

44.    Paragraphs 1-43 are incorporated by reference as if fully restated herein.

45.    Defendant directly and literally infringes claims 1, 2, 3, 9, 12, 13, 15 and 17 of the '625 Patent, by using the New ATMs and related check imaging and processing software, each to allow an account owner to deposit cash or checks without an envelope or pay a bill, and which generate a snapshot image of any deposited checks, as the New ATMs and related check imaging and processing software have a card receiver for receiving a card that identifies a qualified user for the New ATM, a keypad, screen, or other means for entering data including the monetary amount about a document to be processed, a document receiver for receiving the document to be processed, a scanner or other means for generating an image data from the front and back of the document, a processor or other means to read the amount of the document, interconnected with a processor or other means to evaluate the signature on the document and for confirming that the signature is acceptable to support the transaction in question, a cash dispenser that dispenses cash automatically to the user once a processor or other means evaluating the signature has accepted the signature, and a bill reader to read an account owner's provider's account number and the account owner's identification in order to transfer funds to the account owner's provider to pay the bill.

46.    Capital Security has been and continues to be damaged by Defendant's infringement of the '625 Patent. As such, Capital Security is entitled to an award of money damages from the Defendant, in an amount no less than a reasonable royalty.

## Count 2

### Infringement of U.S. Patent No. 7,653,600

47. Paragraphs 1-46 are incorporated by reference as if fully restated herein.

48. Defendant directly and literally infringes claims 1, 2, 3, 6, 7 and 8 of the '600 Patent, by using the New ATMs, and related check imaging and processing software, to allow an account owner to deposit cash or checks without an envelope, and which generate a snapshot image of any deposited checks, embodying and covered by one or more claims of the '600 Patent, as the New ATMs and related check imaging and processing software have a card reader for a card having an intelligence associated therewith for identifying a user as a qualified user, a document scanner for scanning the monetary document, a processor for receiving input from the document scanner and generating an image thereof, a document reader for the monetary document to be deposited, a display device for displaying the image from the scanned monetary document to the user, an acceptance of deposit indicator to indicate proof of deposit to the user after qualification of the user and validity of the monetary document, wherein a processor reviews images from legal amount recognition and courtesy amount recognition lines and ascertains an apparent signature from the document image to validate the monetary document.

49. Capital Security has been and continues to be damaged by Defendant's infringement of the '600 Patent. As such, Capital Security is entitled to an award of money damages from Defendant, in an amount no less than a reasonable royalty.

## Count 3

### Infringement of U.S. Patent No. 7,991,696

50. Paragraphs 1-49 are incorporated by reference as if fully restated herein.

51. Defendant directly and literally infringes claims 1, 2, 6, 9, 15, 18 and 19 of the '696 Patent, by using the New ATMs and related check imaging and processing software, to allow an account owner to deposit cash or checks without an envelope or pay a bill, and which generate a snapshot image of any deposited checks, embodying and covered by one or more claims of the '696 Patent, as the New ATMs and related check imaging and processing software have a processor and a card receiver configured to receive a card having an intelligence associated therewith and to identify a user as a qualified user, that instructs the user to insert monetary transaction document into the New ATM, that scans the inserted monetary document and generates a document image, that instructs the user to enter the amount to be deposited into the New ATM, that reviews the images from the legal amount recognition and courtesy amount recognition lines and reviews the amount entered by the user to provide a confidence level, a processor to ascertain if an apparent signature is on the signature line of the document image and to determine if the signature is valid, and to provide an acceptance of the deposit to the user after qualification of the system user and an acceptable confidence level and a bill reader which ascertains an account owner's provider's account number and the account owner's identification in order to transfer funds to the account owner's provider to pay the bill.

52. Capital Security has been and continues to be damaged by Defendant's infringement of the '696 Patent. As such, Capital Security is entitled to an award of money damages from Defendant, in an amount no less than a reasonable royalty.

**Count 4**

**Infringement of U.S. Patent No. 8,121,948**

53. Paragraphs 1-52 are incorporated by reference as if fully restated herein.

54. Defendant directly and literally infringes claims 1, 2, 3, 7 and 9 of the '948 Patent, by using the New ATMs, and related check imaging and processing software, to allow an account owner to deposit cash or checks without an envelope, and which generate a snapshot image of any deposited checks, embodying and covered by one or more claims of the '948 Patent, as the New ATMs and related check imaging and processing software have a card reader configured to accept a card having associated intelligence and to identify a user as a qualified user, a document scanner configured to scan the monetary document, a processor configured to receive input from the document scanner and to generate a document image thereof, a document reader configured to read the monetary document from which a deposit is being made, a display device coupled to the processor and configured to display the document image to the system user, and an acceptance of the deposit indicator configured to be operated by the processor after qualification of the user and validity of the document to indicate proof of deposit to the system user, wherein the processor is configured to review images from legal amount recognition and courtesy amount recognition lines, and to ascertain an apparent signature, from the document image in order to validate the document.

55. Capital Security has been and continues to be damaged by Defendant's infringement of the '948 Patent. As such, Capital Security is entitled to an award of money damages from Defendant, in an amount no less than a reasonable royalty.

### Prayer for Relief

Wherefore, Plaintiff Capital Security respectfully requests that this Court enter judgment against Defendant as follows:

a) adjudging that it has infringed U.S. Patent Nos. 5,897,625, 7,653,600, 7,991,696, and 8,121,948;

b)   awarding Capital Security the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, and ordering a full accounting of same;

c)   declaring this to be an exceptional case, and awarding Capital Security attorneys' fees pursuant to 35 U.S.C. § 285;

d)   awarding Capital Security pre-judgment and post-judgment interest on its damages; and

e)   awarding Capital Security such other and further relief in law or equity that the Court deems just and proper.

## Demand for Jury Trial

Capital Security hereby demands a trial by jury on all claims and issues so triable.

Dated:  April 23, 2014              Respectfully submitted,

CAPITAL SECURITY SYSTEMS, INC.
By Counsel

Bernard J. DiMuro, Esq. (VSB #18784)
M. Jarrad Wright, Esq. (VSB #68814)
*Counsel for Plaintiff*
DIMUROGINSBERG, PC
1101 King Street, Suite 610
Alexandria, Virginia  23314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: bdimuro@dimuro.com
Email: mjwright@dimuro.com

*Of counsel*:
Steven G. Hill
John L. North
Jennifer L. Calvert
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA 30339
Phone: 770-953-0995

Ed Goldstein
GOLDSTEIN LAW PLLC
710 N. Post Oak, Suite 350
Houston, TX 77024
Phone: 713-877-1515